UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUDREY PATTERSON,<br><br>      Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>      Defendant. | No. CV-05-400-CI<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS AND<br>DIRECTING PARTIES TO FILE<br>PROPOSED STIPULATED SCHEDULING<br>ORDER |

BEFORE THE COURT is Defendant's Motion to Dismiss as untimely. (Ct. Rec. 4.) Attorney Kenneth Isserlis represents Plaintiff; Special Assistant Attorney General Stephanie R. Martz represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 3.)

The only issue is whether Plaintiff timely commenced her federal action following the Appeals Council's denial of review. By letter dated September 20, 2005, the Appeals Council gave notice to Plaintiff and her counsel of record of its decision to deny review and the 60-day limit for commencing an action in federal court. (Ex. 2.) That notice was mailed to Plaintiff at 9812 E. Maringo Drive, Spokane, WA 99206. There is no dispute the Appeals Council granted an extension of time (30 days) to file a civil action dated

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DIRECTING
PARTIES TO FILE PROPOSED STIPULATED SCHEDULING ORDER  - 1

November 4, 2005, pursuant to 20 C.F.R. § 422.210.[1] (Ct. Rec. 6, Ex. 3.) That notice also provided: "We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." There is no proffer from Defendant as to the date the notice was actually mailed, although pursuant to regulation "[M]ailing' is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice." 20 C.F.R. § 422.210(c)). Defendant's Declaration, signed January 2006, states only "the undersigned is aware of a request for an extension of time." (Ct. Rec. 6, Devera Decl. at ¶(3)(b).)

The instant civil action was filed on December 13, 2005 (Ct. Rec. 1), outside the 30-day limit unless a showing is made the extension notice was received by Plaintiff or her attorney beyond the five-day period. A Declaration by attorney Harvey Grad (Ct. Rec. 7, Grad Decl.) avers the Appeals Council letter was not received in his office until Monday, November 14, 2005, as noted by the date stamp on the letter. (Ct. Rec. 7, Ex. 1.) Plaintiff avers she did not receive correspondence from the Appeals Council, due possibly to an incorrect zip code (99206) used by the Appeals Council in the Patterson address. (Ct. Rec. 7, Patterson Decl.) Additionally, Plaintiff avers she complained to the United States Post Office, Complaints OR 25227808 and OR 25389334, of misdirected and missing mail to their residence during the November - December 2005 time period. If the court accepts this explanation, the

---

[1] There is no dispute the Appeals Council may extend the filing time on a showing of good cause. 20 C.F.R. § 404.968(b).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DIRECTING
PARTIES TO FILE PROPOSED STIPULATED SCHEDULING ORDER   - 2

instant action was timely filed within 30 days of receipt (November 14, 2005) by Plaintiff's counsel of the November 4, 2005, correspondence from the Appeals Council.

The 60-day filing period (plus extensions) is not jurisdictional. *Vernon v. Heckler*, 811 F.2d 1274, 1279 (9th Cir. 1987). Notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period. *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). The notice itself includes language regarding only a presumption of receipt within five days. Courts have differed on the question whether affidavits from the claimant and/or his or her representative attesting to receipt beyond the five days are sufficient to overcome the presumption. *Compare Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (claimant's sworn word he did not receive notice insufficient to rebut presumption); *Roberts v. Shalala*, 848 F.Supp. 1008, 1015-17 (M.D. Ga. 1994) (affidavit of attorney's receptionist insufficient); *Leslie v. Bowen*, 695 F.Supp. 504, 506 (D. Kan. 1988) (claimant's affidavit insufficient); *Solberg v. Secretary of Dep't of Health & Human Servs.*, 583 F.Supp. 1095, 1098 (E.D. Wis. 1984) (statements of claimant and father insufficient); *Rouse v. Harris*, 482 F.Supp. 766, 768-69 (D. N.J. 1980) (plaintiff's assertion insufficient), with *Bartolomie v. Heckler*, 597 F.Supp. 1113, 1116 (N.D.N.Y. 1984) (fact lawyer did not receive notice sufficient to rebut presumption).

Here, attorney Grad has made a sufficient showing in light of the mail delivery practice to his office building and the date received stamp that the notice was received in his office on

November 14, 2005.[2]  Judicial review was commenced within 30 days of that date.  *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2nd Cir. 1984).  Having concluded judicial review was timely filed, there is no need to address equitable tolling.  Accordingly, Defendant's Motion to Dismiss **(Ct. Rec. 4)** is **DENIED**.

**Within 20 business days, the parties are directed to submit a stipulated proposed scheduling order to the court.**

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

DATED February 9, 2006.

                          S/ CYNTHIA IMBROGNO
                       UNITED STATES MAGISTRATE JUDGE

---

[2] Assuming there was no mail delivery on Saturday to claimant's representative's office and that day is not counted as one of the five days, five days from the date of the notice would have been November 14, because of the November 11 holiday.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DIRECTING
PARTIES TO FILE PROPOSED STIPULATED SCHEDULING ORDER  - 4