|  |  |
|---|---|
| AUDREY PATTERSON,        )<br>                         )<br>       Plaintiff,       )<br>                         )<br> v.                      )<br>                         )<br> JO ANNE B. BARNHART,     )<br> Commissioner of Social  )<br> Security,                )<br>                         )<br>       Defendant.        )  | No. CV-05-400-CI<br><br>ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS |

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment and Defendant's Motion to Remand the captioned matter pursuant to sentence four of 42 U.S.C. § 405(g), noted for hearing without oral argument on July 24, 2006.  (Ct. Rec. 17, 23.) Attorney Kenneth Isserlis represents Plaintiff; Special Assistant United States Attorney Stephanie Martz represents Defendant.  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 3.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Defendant's Motion to Remand for further proceedings, **GRANTS** Plaintiff's Motion for Summary Judgment, and remands for an immediate award of benefits.

## JURISDICTION

On April 5, 2000, Plaintiff filed an application for disability

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 1

insurance benefits, alleging an onset date of June 15, 1997, due to severe low back pain with spasms and right knee pain and weakness. (Tr. 284-87; 319.) Plaintiff has insured status through December 2003. (Tr. 32, 304.) Benefits were denied, as was reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ). The first hearing in Pasadena, California, on April 7, 2003, was continued for additional records and to arrange for a psychologist to testify as medical expert. (Tr. 64.) The hearing was moved to Spokane, Washington, and held before ALJ Paul Gaughen on January 22, 2004; testimony was taken from medical expert Glen Almquist, M.D., Plaintiff, Chris Patterson, Plaintiff's spouse, and Thomas Moreland, vocational expert (VE). Plaintiff was represented by an attorney. (Tr. 70-134.) A supplemental hearing was held on May 11, 2004; testimony was taken from Plaintiff, medical expert Anthony Delbert, Ph.D., and VE Debra LaPoint. (Tr. 135-96.) The ALJ denied benefits on July 9, 2004 (Tr. 32-51); the Appeals Council denied review. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

Plaintiff was 38 years old at the time of the hearing (Tr. 168), and 31 years old at the alleged date of onset. She completed 10th grade. She has a 19 year work history with past relevant work experience as a food server, cocktail server, and bartender. She also managed a restaurant for about two years. (Tr. 97, 320.) She worked in sales for three months in 2001, but quit due to fatigue and pain. (Tr. 114, 419-23.) At the time of the hearing, Plaintiff was married with a young child. (Tr. 107.)

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff had engaged in substantial gainful activity from September through November 2001, when she worked in sales for Bio-Touch, Inc. (Tr. 34.) The ALJ found she had severe impairments of mild degenerative arthritis of the lumbosacral spine and prescription narcotic addiction. (Tr. 19, 23.) He determined her narcotic addiction met the requirements of a listed impairment, but she was not entitled to benefits because drug/alcohol abuse was a contributing factor material to the finding of disability, and without the effects of prescription drugs, she would not be disabled. (Tr. 50.) He found her remaining severe impairment did not meet or equal the listings. (Id.) He concluded she had the residual functional capacity for medium work, with limitations in handling complex mathematical problems and mild deficits in handling detailed job instructions and tolerating work stress. He also determined that she may provide mild distraction in the work setting due to exhibition of pain behaviors. (Id.) At step five, considering the testimony of the VE, the ALJ found Plaintiff could not perform her past relevant work, but could perform a significant number of jobs in the national economy, such as housekeeper, cleaner, cook helper and janitor; thus, she was not found disabled as defined by the Social Security Act. (Tr. 51.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 3

by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made.

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 4

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

## ISSUES

The only question is whether Plaintiff is entitled to immediate payment of benefits or whether additional administrative proceedings are necessary. Defendant contends the matter should be remanded to permit the Commissioner to develop the record, conduct a new hearing and render a new decision. The Commissioner concedes that the ALJ needs to re-evaluate Plaintiff's mental impairments and fibromyalgia, her credibility, her spouse's testimony and Plaintiff's residual functional capacity, as well conduct a new step four and five of the sequential evaluation process. (Ct. Rec. 24.) Plaintiff does not dispute that the ALJ erred but contends that the record indicates she cannot work due to disability and remand should be for immediate payment of benefits. (Ct. Rec. 25.)

## ANALYSIS

The court should credit improperly rejected evidence and remand for an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003) (*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). Where the record is incomplete, or the medical evidence has not been

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 5

sufficiently evaluated, questions remain regarding the severity of Plaintiff's impairments and her residual functional capacity (RFC). Remand for further administrative proceedings is appropriate when such proceedings could remedy defects, *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989), or are necessary to develop a sufficient record. *McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir. 1989). Conversely, where the record is fully developed and further administrative proceedings would serve no useful purpose, a remand for an immediate award of benefits is warranted. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

A.   Medical Opinions

The Commissioner concedes that the ALJ misinterpreted the evidence regarding Plaintiff's use of narcotic pain medication and erroneously found a severe impairment of drug addiction at step two of the sequential evaluation process. (Ct. Rec. 24 at 9; Tr. 45.) The ALJ's evaluation of the medical evidence and Plaintiff's credibility was flawed significantly due to this mistake at step two. Specifically, the ALJ based his drug addiction finding on a misinterpretation of Dr. Delbert's testimony. (Tr. 43.) The hearing transcript confirms that Dr. Delbert stated he did not see any diagnoses of drug dependency. (Tr. 144.) Further, the ALJ erred in evaluating the medical evidence when (1) he did not properly reject treating physician opinions, and (2) he relied on the Dr. Delbert's testimony, which did not reflect the applicable legal standard that affords great weight to treating physicians' opinions. *Benecke*, 379 F.3d at 592; *Lester,* 81 F.3d at 830; *Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989).

A non-examining medical advisor's testimony, based on "unsupported and unwarranted speculation" that treating doctors were not qualified to evaluate the claimant's condition, does not by itself constitute substantial evidence sufficient to reject a treating doctor's opinion. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996). This is because, in a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and her condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with "clear and convincing" reasons. *Holohan*, 246 F.3d at 1202-03.

Historically, the courts have recognized conflicting medical

evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

In March 2002, Plaintiff's treating physician from August 2000 to April 2002, (Tr. 536-82, 616-34), David Hantman, M.D., noted that Plaintiff had continuing problems with her pain management, that she was "quite incapacitated at this time," and "this may be a chronic, incurable problem." He also indicated that psychotherapy might help her improve. (Tr. 625.) In April 2002, Dr. Hantman discontinued his services to Plaintiff due to her failure to comply with his treatment recommendations. (Tr. 621.) Also at that time, her treating rheumatologist, Massoud Soleimani, M.D., who had diagnosed fibromyalgia (18 trigger points out of 18) in January 2002, expressed similar frustration with Plaintiff's failure to comply pain management and psychotherapy recommendations. (Tr. 623, 633.) The ALJ found Dr. Hantman opined Plaintiff could return to work on January 2, 2002 (Tr. 38); however, as noted above, by April 2002, Dr. Hantman indicated she was quite incapacitated with her chronic condition. (Tr. 625.)

In April 2002, consulting psychologist Harrell Reznick, Ph.D., evaluated Plaintiff for the California Department of Social Services. (Tr. 598.) Dr. Reznick reviewed Plaintiff's medical records to date, conducted a client interview and administered the Bender Visual-Motor Gestalt Test, the Trailmaking Test (A and B),

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 8

the Wechsler Adult Intelligence Scale-III and the Wechsler Memory Scale. (Id.) As noted by Dr. Reznick, Plaintiff had been diagnosed with chronic fatigue syndrome, fibromyalgia and major depression as of January 2001. Diagnoses of depression and chronic pain continued throughout the records up to the date of Dr. Reznick's evaluation. (Tr. 600-601.) Based on the one time evaluation, Dr. Reznick diagnosed depressive disorder, NOS, and personality disorder, NOS, and concluded Plaintiff was able to work and tolerate ordinary work pressures. (Tr. 605.)

In August 2002, Plaintiff was referred by her primary care physician to counseling with mental health professional Darryl Bartolotti, M.A., MFT. (Tr. 664.) In his report, Mr. Bartolotti noted no features of malingering or exaggeration by Plaintiff. He reported an elevated level of suicide threat in October 25, 2002, sufficient to have Plaintiff taken to the hospital for a psychiatric evaluation. (Id.) In his RFC assessment, Mr. Bartolotti indicated Plaintiff had marked limits in several areas from psychological symptoms, including her ability to carry out short and simple or detailed instructions, maintain attention and concentration for extended periods, and complete a normal workday without interruptions. (Tr. 665-69.) His assessment is supported by clinical notes dated August through December 2002. (Tr. 671-80.) As a non-medical source, Mr. Bartolotti's opinions are considered by the ALJ in his determination and can be discounted only with reasons germane to that source. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ rejected these opinions based on Plaintiff's narcotic addiction and lack of credibility, reasons that are not

supported by the record.  (Tr. 46)

Dr. Bot began treating Plaintiff in August 2003.  (Tr. 692-93.) In his Psychiatric Review Technique form dated October 24, 2003, Dr. Bot indicated Plaintiff met the A criteria for affective disorders and had marked limitations in her ability to maintain concentration, persistence or pace and three or more episodes of decompensation, thus meeting the B criteria under Listing 12.04.[1]  (Tr. 703, 705.) That report is accompanied by his clinical notes.  (Tr. 693-701.)

The ALJ did not explain what weight he gave to Dr. Hantman's opinions, but relied on the opinions of Dr. Delbert because he took into consideration Plaintiff's prescription narcotic addiction and because "[Delbert] had the benefit of the longitudinal history here from records, which the examining or treating sources may not have had." (Tr. 46; *see* Tr. 148, 149.)  Reliance on Dr. Delbert's testimony was legal error and findings based on this testimony are not supported by substantial evidence.  Further, the ALJ gave little weight to the opinions of Dr. Bot, who opined that Plaintiff met the Listings for affective disorder and had significant functional limitations.  (Tr. 42, 702-05.)  The ALJ's rejection of Dr. Bot's opinions was based on the psychiatrist's failure to factor in the effects of drug addiction.  (Tr. 42.)  The ALJ also found that Dr. Bot's reports were not consistent with the report of examining psychologist, Dr. Reznick, or the testimony of medical advisor, Dr. Delbert.  These are not legitimate reasons to reject Dr. Bot's

---

[1]  20 C.F.R. Appendix I to Subpart P of Part 404, Listing of Impairments, 12.04, *Affective Disorders*, A and B.

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 10

1  opinions.

2      The Ninth Circuit has recognized that individuals suffering
3  mental health disorders are frequently the least likely to recognize
4  or understand their need for mental health care. *Nguyen v. Chater*,
5  100 F.3d 1462, 1465 (9th Cir. 1996.)  The extensive record in this
6  matter documents clearly an individual who did not seek treatment
7  for her mental disorder until "late in the day," attempted to treat
8  her symptoms as physical problems, resisting her treatment
9  providers' suggestions that her disorder might be mental. (Tr. 103-
10 06, 463-64, 538-39, 590, 610, 623, 632-33.)  This is not a
11 sufficient reason to conclude that her treating physician's or
12 treating psychiatrist's assessment is inaccurate or that Plaintiff's
13 statements about her condition are not credible. *Nguyen*, 100 F.3d
14 at 1465.  The ALJ failed to give specific, legitimate reasons for
15 rejecting Dr. Hantman's and Dr. Bot's opinions discussed above.
16 Therefore, these opinions must be, by law, credited as true.
17 *Bunnell*, 336 F.3d at 1115; *Lester,* 81 F.3d at 834.
18 B.   <u>Credibility Findings and Lay Testimony</u>
19      Absent evidence of malingering, the ALJ must give "clear and
20 convincing" reasons to discount Plaintiff's symptom testimony.
21 *Smolen*, 80 F.3d at 1281.  The ALJ's mistaken belief that Plaintiff
22 was addicted to narcotics renders his credibility finding
23 unsupported by substantial evidence.  Other reasons given are not
24 "clear and convincing."  In his credibility analysis, the ALJ cited
25 Dr. Hantman's report that Plaintiff's pain was "out of proportion to
26 the objective findings and previous tests".  An adjudicator "may not
27 discredit a claimant's testimony of pain and deny disability

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL
PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 11

benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell*, 947 F.2d at 345-46; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ also based his credibility finding on Plaintiff's failure to comply with mental health treatment recommendations. (Tr. 45.) This is not a sufficient reason to reject her testimony, where the record is clear that she refused to accept her symptoms as psychologically based. *See Nguyen*, 100 F.3d at 1465 (*citing Blankenship v. Bowen,* 874 F.2d 1116 (6th Cir. 1989)("[I]t is questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.")). The record is consistent as to Plaintiff's complaints of depression, pain and fatigue to various medical providers, and there is no evidence of malingering. Plaintiff's testimony is consistent with Dr. Bot's opinions, which are supported by the record viewed in its entirety, and with the testimony of her spouse. The ALJ improperly discounted Plaintiff's testimony.

In lay testimony, Mr. Patterson described the genesis of Plaintiff's pain and depression since June 1997, when she injured her back during her pregnancy. (*See* Tr. 432-35.) The ALJ found his testimony was not persuasive because Plaintiff's "problems appear to be episodic and not supported by the unbiased assessments of the medical experts in medicine and psychology." (Tr. 41.) The ALJ erred in assuming that Mr. Patterson, who has seen the Plaintiff on a daily basis over the years, cannot make independent observations of her pain and symptoms. *Dodrill*, 12 F.3d at 919. The ALJ's reasons for rejecting Mr. Patterson's testimony are not germane to

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL
PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 12

1 the witness, and were improperly rejected.

2 C.   Remedy

3    Crediting the improperly rejected medical opinions and testimony as true, as required by *Harman, Lester,* and *Bunnell,* and given the VE's testimony that Plaintiff's functional limitations as opined by Dr. Bot and described by Plaintiff's spouse would render her unable to work (Tr. 167-68), no useful purpose will be served in remanding for further proceedings. The record is fully developed, and no issues remain to be resolved.[2] Plaintiff has been through

---

[2] The Commissioner maintains that an issue of substantial gainful activity remains. However, the ALJ's finding that Plaintiff's work at Bio-Touch, Inc. in September, October, and November of 2001, constitutes substantial gainful activity (Tr. 34), is error. 20 C.F.R. § 404.1574 (c)(3) states:

> We will consider work of 3 months or less to be an unsuccessful work attempt if you stopped working, or you reduced your work and earnings below the substantial gainful activity earnings level because of your impairment or because of the removal of special conditions which took into account your impairment and permitted you to work.

The pay detail from Bio-Touch, Inc. indicates Plaintiff worked from September 1, 2001, until November 31, 2001. (Tr. 422-23.) Plaintiff testified that she worked part-time, but could not sustain work due to her fibromyalgia and depression. (Tr. 114.) Because the ALJ improperly discounted Plaintiff's testimony, her testimony is credited as true. *Lester,* 81 F.3d at 834 (*citing Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988)). Further, the record indicates that in January 2002, shortly after Plaintiff quit Bio-Touch, Plaintiff was diagnosed by her

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 13

three hearings, one in California and two in Washington. As stated by the Ninth Circuit, allowing the Commissioner to decide the issues again would create an unfair "heads we win; tails, let's play again" system of disability benefits adjudication." *Benecke,* 379 F.3d at 595 (*citing Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)); *see also Reddick,* 157 F.3d at 729 and n.13; *Smolen*, 80 F.3d at 1292; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney*, 859 F.2d at 1400. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Remand **(Ct. Rec. 23)** is **DENIED;**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED** and the case is remanded to the Commissioner for an immediate award of benefits;

3. Any application for attorney fees may be filed by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be

---

rheumatologist with fibromyalgia, depression, anxiety and panic attack. (Tr. 630-33.) The Earnings Reports shows a significant break in continuity in Plaintiff's work between 1999 and 2001, when she worked for Bio-Touch. (Tr. 305, 311.) Treatment records from December 11, 2001, also indicate that Plaintiff sought treatment for the anxiety and insomnia that left her unable to function at work. (Tr. 538-40.) Plaintiff's limited work at Bio-Touch was an unsuccessful work attempt. *SSR* 84-25.

ORDER DENYING DEFENDANT'S MOTION TO REMAND FOR ADDITIONAL PROCEEDINGS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 14

**CLOSED.**

DATED August 21, 2006.

                S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE